## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY K. IT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-1561 |
| | ) |
| UNKNOWN POLICE OFFICERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

On December 11, 2017, Plaintiff, Anthony It, has filed a Complaint (Doc. 1), Motion to Proceed in forma pauperis (Doc. 2), and Motion for Court Assisted Discovery (Doc. 3). He names as Defendants an unknown police officer of the Chenoa Police Department, an unknown nurse at an unknown hospital, an unknown supervisor of unknown nurse at unknown hospital, an unknown hospital, and an unknown hospital corporation group. Doc. 1. Plaintiff brings this action alleging violations of the Americans with Disabilities Act ("ADA"), the Health Insurance Portability and Accountability Act ("HIPAA"), and the Fourth, Fifth, and Fourteenth Amendments. In the body of his Complaint, Plaintiff alleges that he was stopped on September 21, 2013 by an unknown Chenoa Police Officer for a lane violation and driving while his license was suspended. After he told the officer that he was suicidal, he was taken to an unknown hospital in McLean County, where an unknown nurse drew his blood and revealed the results to the unknown police officer. *Id*.

Plaintiff asserts that all of the identifying information for Defendants is in a police report that he lacks the financial resources to obtain, and he asks the Court to do so for him. A search of publicly available court records from McLean County reveals that Plaintiff was charged with improper lane usage, driving on a suspended license, and aggravated battery in connection with

1

the events complained of in this case. Plaintiff is currently incarcerated at the Columbia Correctional Center in Portage, Wisconsin. Plaintiff also revealed that he is a plaintiff in another federal civil case arising out of an incident in May of 2014 at the Mesa Community College in Wisconsin. In that case, which he later moved to voluntarily dismiss, Plaintiff alleged excessive force by security guards.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. Without addressing the obvious statute of limitations issue that Plaintiff faces, the Complaint itself fails to identify even one defendant, explain how he falls under the ADA, what the alleged HIPAA violation is, or explain how his rights under the Fourth, Fifth, and Fourteenth Amendments were violated. The Court can infer that the Fourth Amendment applies to the seizure of his person as it relates to drawing blood from his arm, but the Complaint still falls well short of stating a claim.

Furthermore, if Plaintiff is asking this Court to find counsel to subpoena police reports from the Chenoa Police Department for the purpose of identifying police officers and/or to subpoena medical records from every McLean County medical facility in order to identify the nurse who treated him on September 21, 2013, that request is denied. The Central District of Illinois has over 700 pending *pro se* prisoner cases; recruiting lawyers is difficult enough for the cases that identify parties and claims. Assuming that a lawyer could even assist Plaintiff in obtaining the requested information in the first place, one will not be appointed at this time to fish for parties and claims, only to be met with an inevitable statute of limitations issue. The Court may take judicial notice of public records, and those records indicate that Plaintiff was arraigned in case numbers 2013-TR-022609, 2013-TR-022608, and 2013-CF-001282 on

2

December 30, 2013 in McLean County. Given that his aggravated battery to a police officer charge was a felony offense, he would have been appointed counsel if he could not afford an attorney. At that time, he would have had access to the very discovery he requests.

**IT IS THEREFORE ORDERED**:

Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a claim. Plaintiff's Motion to Proceed in forma pauperis (Doc. 2) and Motion for Court Assisted Discovery (Doc. 3) are DENIED at this time. If Plaintiff has a good-faith basis to file an amended complaint, he must file an amended complaint and renewed motion to proceed in forma pauperis within 21 days of this Order.

Signed on this 20th day of December, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
